Thomasenia P. Duncan
David Kolker
Harry J. Summers (CA Bar #147929)
Claire N. Rajan (CA Bar #238785)
crajan@fec.gov
FEDERAL ELECTION COMMISSION           JS 6
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650
(202) 219-0260 (facsimile)

ATTORNEYS FOR THE PLAINTIFF
FEDERAL ELECTION COMMISSION

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FEDERAL ELECTION COMMISSION, Plaintiff, | ) Civ. No. 07-4419 DSF (SHx) ) ) CONSENT ORDER AND |
| v. | ) JUDGMENT ) |
| STEPHEN ADAMS, Defendant. | ) ) ) |

**CONSENT ORDER AND JUDGMENT**

This action for declaratory, injunctive, and other appropriate relief was instituted by the plaintiff Federal Election Commission ("Commission") against defendant Stephen Adams, pursuant to the express authority granted the Commission by the Federal Election Campaign Act of 1971, as amended ("Act"), in 2 U.S.C. §§ 437d(a)(6) and 437g(a)(6)(A).

This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1345 as an action brought by the Commission, an agency of the United States expressly authorized to sue by an act of Congress.  2 U.S.C. §§ 437d(a)(6) and 437g(a)(6)(A).  Venue is properly found in the Central District of California

pursuant to 28 U.S.C. § 1391(b) and 2 U.S.C. § 437g(a)(6)(A).

The Commission has satisfied all jurisdictional prerequisites to the initiation of this suit.

The parties have waived any and all claims for costs, attorney's fees or other expenses relating to or arising in any manner from this litigation, including any that Stephen Adams may have under the Equal Access to Justice Act, 5 U.S.C. § 504. The parties have also waived all rights of appeal from this Order and Judgment.

The parties have stipulated to the Court's entry of this Consent Order and Judgment based on the following facts:

1. Under the Act, "[a] person . . . that makes or contracts to make independent expenditures aggregating $10,000 or more at any time up to and including the 20th day before the date of an election shall file a report describing the expenditures within 48 hours." 2 U.S.C. § 434(g)(2)(A); *see also* 11 C.F.R. § 109.10(c).

2. An independent expenditure is "an expenditure made by a person – (A) expressly advocating the election or defeat of a clearly identified candidate; and (B) that is not made in concert or cooperation with or at the request or suggestion of such candidate, the candidate's authorized political committee, or their agents, or a political party committee or its agents." 2 U.S.C. § 431(17); *see also* 11 C.F.R. § 100.16(a).

3. A report disclosing independent expenditures must be received by the Commission by "11:59 p.m. Eastern Standard/Daylight Time on the second day following the date on which a communication is publicly distributed or otherwise publicly disseminated." 11 C.F.R. § 109.10(c).

4. The Act requires disclaimers on communications paid for by independent expenditures that must "clearly state the name and permanent

street address, telephone number or World Wide Web address of the person who paid for the communication" and that the communication was not authorized by any candidate or committee. 2 U.S.C. § 441d(a)(3); *see also* 11 C.F.R. §§ 109.11, 110.11.

5. Stephen Adams is a "person" within the meaning of 2 U.S.C. § 431(11).

6. On or about June 1, 2004, Adams hired his company, Adams Outdoor Advertising, Inc. ("AOA"), to design and implement a one million dollar, multi-state outdoor advertising campaign in support of President George W. Bush's re-election. On or about August 2004, AOA sent proposed contracts for 435 separate billboards in Michigan, Pennsylvania, Wisconsin, and South Carolina to Adams, who signed and returned the contracts to AOA in or around August 2004. These four states were chosen by AOA based on Adams' direction to place the billboards in battleground states for the 2004 presidential election.

7. On September 7, 2004, Adams wired Adams Outdoor Advertising $1 million as payment for the advertising campaign.

8. The billboards first appeared on September 7, 2004 and ran through November 2, 2004, the date of the 2004 general election.

9. The billboards consisted of different phrases such as "Defending Our Nation," "It's About Our National Security," "A Nation Secure," "One Nation Under God," and "Boots or Flip-Flops?" These phrases appeared immediately above the campaign slogan "Bush Cheney 04" superimposed on the red and white stripes of the American flag.

10. The "Bush Cheney 04" slogan that appeared on the billboards is substantially similar to the Bush-Cheney '04 campaign's official logo.

11. Adams was required to file a report of his $1 million independent expenditure with the Commission within 48 hours from when he made or

1 contracted to make the independent expenditure exceeding $10,000.  2 U.S.C.
2 § 434(g)(2)(A); *see also* 11 C.F.R. § 109.10(c).  Therefore, the report was due
3 no later than September 9, 2004, 48 hours after Adams paid for the billboards.

4     12.   Adams did not file a report of his expenditure with the Commission
5 until October 28, 2004, only five days prior to the general election.  In this
6 report, Adams certified for the first time that the billboards he sponsored were
7 not authorized by any candidate or political party.

8     13.   The billboards originally carried disclaimers that read, "Personal
9 message paid for and sponsored by Stephen Adams."

10     14.   These disclaimers did not contain Adams' permanent street address,
11 telephone number or World Wide Web address, and failed to state that the
12 billboards were not authorized by any candidate or candidate's committee.

13     15.   These insufficient disclaimers were on the billboards from the point
14 at which they appeared, on September 7, 2004, through at least October 19,
15 2004.

16     16.   Stephen Adams contends that:

17         (a)   Prior to making the independent expenditure, an employee
18 of AOA received general guidance regarding the requirements of federal
19 campaign finance law applicable to an individual making an independent
20 expenditure.  Counsel provided incorrect advice as to the content of the
21 disclaimer required by 2 U.S.C. § 441d(a)(3) and failed to advise that
22 Adams, as an individual, was required by 2 U.S.C. § 434(g)(2)(A) to
23 report the independent expenditure to the Commission within forty-eight
24 (48) hours;

25         (b)   On or about October 15, 2004, Adams was informed by
26 newly-retained counsel that the disclaimers did not fully comply with the
27 requirements of 2 U.S.C. § 441d(a)(3).  Adams immediately took steps to
28

4

produce and install corrected disclaimers on the Advertisements.  The following corrected disclaimer was installed on the advertisements prior to the general election on November 2, 2004:  "Paid for by Stephen Adams and not authorized by any candidate or candidate's committee.  Contact: sadams@adamsoffice.net."  The total cost to Adams of installing corrected disclaimers on the advertisements was fourteen thousand, five-hundred and forty-five dollars and twenty-seven cents ($14,545.27);

  (c) The initial legal counsel never advised Adams that he was required to file a report of his independent expenditure with the Commission.  Upon being advised of the requirements of 2 U.S.C. 434(g)(2)(A) by newly-retained counsel, Adams filed a report of this expenditure with the Commission on October 28, 2004.

The Commission acknowledges and has taken into consideration the remedial steps that Adams took to come into compliance with 2 U.S.C. § 441d(a)(3) before the general election on November 2, 2004.

The Commission and Stephen Adams having stipulated to the issuance and entry of this Consent Order and Judgment, it is HEREBY ORDERED, ADJUDGED AND DECREED that:

 A. Stephen Adams failed to file timely a report of an independent expenditure of $1 million, in violation of 2 U.S.C. § 434(g)(2)(A).

 B. Stephen Adams failed to post sufficient disclaimers on the billboards he purchased as an independent expenditure, in violation of 2 U.S.C. § 441d(a)(3).

5

1      C.    Within five business days of the date of entry of this consent order and judgment, Stephen Adams shall pay a civil penalty of One Hundred and Fifteen Thousand dollars ($115,000) to the Federal Election Commission pursuant to 2 U.S.C. § 437g(a)(6)(B).  *See* 2 U.S.C. § 437g(a)(6)(B);

    D.    Stephen Adams is permanently enjoined from violating 2 U.S.C. §§ 434(g)(2)(A) or 441d(a)(3);

    E.    All parties shall bear their own costs and attorney's fees in this litigation; and

    F.    This Court shall retain jurisdiction of this action, and of any ancillary or supplemental actions thereto, in order to, among other things, implement and carry out the terms of all orders, judgments, and decrees that may be entered herein, including any that may be necessary to assure compliance with this Order and Judgment.

The Clerk of the Court is directed to enter this Judgment.

    ORDERED in Los Angeles, California on 9/17/08 2008.

*[signature: Dale S. Fischer]*

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE